# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 2:18-CR-23-KS-MTP

**CARL NICHOLSON**

## ORDER

On January 7, 2019, the Government filed a Motion in Limine [44] to preclude certain anticipated arguments at trial. The Court **grants** the motion as to 1) any argument inviting jury nullification, and 2) any evidence or argument regarding the possibility of a civil enforcement action. However, the Court **reserves ruling** as to 1) whether the Government's introduction of Form 4549-A would open the door to evidence and argument concerning a civil action, and 2) the admissibility of IRS regulations.

### A. *IRS Civil Action & Form 4549-A*

The Government argues that the Court should bar Defendant from offering evidence regarding the possibility of an IRS civil action, and that the Court should prevent Defendant from arguing that a civil action would have been a more appropriate forum to address Defendant's tax liability. The Government contends any such arguments would invite jury nullification.

In response, Defendant notes that the Government intends to introduce evidence of his "tax loss" and the corresponding Internal Revenue Agent Reports

(Form 4549-A) used by the IRS in audits and civil proceedings for adjustments to income tax returns. Defendant argues that introduction of Form 4549-A would open the door to evidence and argument concerning the existence or propriety of an IRS civil action.

In reply, the Government argues that Revenue Agents use Form 4549-A to calculate the tax loss in both civil audits and criminal investigations. Therefore, the Government contends that the form does not necessarily implicate the Government's decision to bring a criminal, rather than civil, action.

First, the Court grants the Government's motion as to any jury nullification argument from Defendant. Although jury nullification "is an important part of the jury trial system," a criminal defendant has no right to "make an improper argument encouraging the jury to use its de facto power to refuse to apply the law as instructed by the court . . . ." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, *16 (5th Cir. 2001).

Additionally, the Court agrees with the Government that the possibility of a civil, rather than criminal, action against Defendant is irrelevant to the charged offenses. But the Court can not assess whether the Government's introduction of Form 4549-A would open the door to such evidence because the Court has not seen the form. For now, the Court generally grants the Government's motion as to any evidence or argument regarding the possibility of a civil, rather than criminal, enforcement action – with the caveat that Defendant is free to argue at trial that the

Government has opened the door.

## B. *IRS Regulations*

Next, Defendant argues that it should be permitted to introduce evidence of relevant IRS regulations, pursuant to *United States v. Morrison*, 833 F.3d 491, 508 (5th Cir. 2016). However, *Morrison* does not provide that IRS regulations are generally admissible in defense of charges under 26 U.S.C. § 7206. Rather, in *Morrison*, the Court of Appeals held that the trial court did not err by declining to include an IRS civil regulation in the jury instructions when it was already in evidence and the Court's willfulness instruction covered the same issue. *Id.* at 509.

The introduction of IRS regulations into evidence creates numerous potential pitfalls for trial courts and is typically subject to objections under Rule 403. For example, the probative value of such regulations may be diminished because they are cumulative of other evidence regarding the defendant's intent or good-faith belief. *See United States v. Simkanin*, 420 F.3d 397, 412-13 (5th Cir. 2005); *United States v. Flitcraft*, 803 F.2d 184, 186 (5th Cir. 1986). Likewise, they may present the danger of "confusing the jury by suggesting the law is unsettled and that it should resolve such doubtful questions of law." *Flitcraft*, 803 F.2d at 186. The Court must strike a balance between "allow[ing] the defendant to establish his beliefs through reference to tax law sources and . . . avoid[ing] unnecessarily confusing the jury as to the actual state of the law." *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991). The Fifth Circuit has generally approved of the trial court "excluding the challenged documents

but allowing the defendant to testify about their contents and the effect the information had in the formulation of his beliefs." *United States v. Stafford*, 983 F.2d 25, 27-28 (5th Cir. 1993).

In the end, this is a Rule 403 question, and context is key. At a minimum, the Court would need to see the regulations that Defendant wishes to introduce and more fully understand Defendant's defense, which is wholly undeveloped at this juncture. Accordingly, the Court declines to address this issue now. The parties are free to raise it during trial, outside the presence of the jury.

Therefore, the Court **grants** the Government's motion **in part** and **reserves ruling in part**, as provided above.

SO ORDERED AND ADJUDGED this 28th day of January, 2019.

    /s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE